UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM BEGRES,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, AMERICAN
EXPRESS COMPANY, DITECH
FINANCIAL, LLC, AMERICAN HONDA
FINANCE CORPORATION, and
STATE OF MICHIGAN,

    Defendants.
_____/

Civil Case No. 19-11649
Honorable Linda V. Parker

**<u>OPINION AND ORDER DENYING AMERICAN HONDA FINANCE CORPORATION'S "FIRST MOTION FOR SUMMARY DISPOSITION" (ECF NO. 21) AND STATE OF MICHIGAN'S MOTION TO DISMISS (ECF NO. 36)</u>**

On May 1, 2019, Plaintiff filed this action against Defendants in state court. In his Complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a-x. Defendant Trans Union, LLC removed Plaintiff's Complaint to federal court on June 4, 2019, on the basis of federal question jurisdiction.[1] The matter is presently before the Court on motions

---

[1] Since that time, Plaintiff has agreed to dismiss his claims against Defendants American Express Company and Ditech Financial LLC (ECF Nos. 34, 44); and,

to dismiss filed by Defendants American Honda Finance Corporation ("American Honda") and the State of Michigan.[2]  For the reasons that follow, the Court is denying both motions.

## Applicable Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff

---

Plaintiff settled his claims against Defendant Experian Information Solutions, Inc. (ECF No. 41.)

[2] American Honda styles its motion as one for "summary disposition pursuant to Fed. R. Civ. P. 12(b), MCR 2.116(C)(8) and (C)(10)."  (ECF No. 21.)  The Michigan Court Rules do not apply to this federal proceeding, however.  Moreover, a Rule 12(b)(6) motion is a motion to dismiss, not one for summary judgment (or "summary disposition," as referred to in state court).  In addition to these errors, American Honda's motion fails to comply with the Local Rules for the Eastern District of Michigan.  Most significantly, the motion does not reflect that its counsel sought concurrence prior to filing the motion.  *See* E.D. Mich. LR 7.1(a).  The motion also does not comply with the type size required by the rules and this Court's practice guidelines.  *See* E.D. Mich. LR 5.1(a)(3); http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=46.  Counsel must familiarize themselves with the local rules and this Court's guidelines.  Future filings will be stricken for lack of complaince.

has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly, 550 U.S. at 555).

**Applicable Law**

Plaintiff alleges that American Honda and the State of Michigan inaccurately reported their tradelines on his Experian, Equifax, and Trans Union credit disclosures. (Compl. ¶ 6, ECF No. 1-3 at Pg ID 14.) He further alleges that after he contacted Experian, Equifax, and/or Trans Union about these inaccuracies, American Honda and the State of Michigan failed to properly investigate his disputes as required under the FCRA.

As the Sixth Circuit has described, the FCRA "is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which 'utilize correct, relevant and up-to-date information in a confidential and responsible manner.' " *Nelski v. Trans Union LLC*, 86 F. App'x 840, 843-44 (2004) (quoting *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998)). The statute imposes different obligations on three types of entities: (1) consumer reporting agencies, such as Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC; (2) users of

consumer reports; and (3) furnishers of information to consumer reporting agencies. *Id.* at 844 (citing *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)). American Honda and the State of Michigan fall within the last category.

Section 1681s-2 of the FCRA imposes duties on furnishers of information to credit reporting agencies. First, the statute prohibits the reporting of "any information relating to a consumer to any credit reporting agency" if the furnisher of the information "knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Enforcement of this provision is left to government officials. *Id*. § 1681s-2(d). Consumers may bring a private cause of action against furnishers of information for violations of subsection (b) of the statute, however.

Section 1681s-2(b) requires furnishers of information to take certain actions after receiving notice that a consumer has disputed information being reported to a credit reporting agency. 15 U.S.C. § 1681s-2(b). Specifically, as relevant to Plaintiff's claims against American Honda and Michigan, the statute requires a furnisher of information receiving notice of a consumer's dispute to:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to [15 U.S.C. §] 1681i(a)(2) …;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

*Id*. § 1681s-2(b)(1). The Sixth Circuit has held that the investigation an information furnisher must undertake pursuant to this section is a "reasonable one" and that "the term 'investigation' … denotes a 'fairly searching inquiry,' or at least something more than a merely cursory review." *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 616 (2012) (citations omitted).

## American Honda's Motion

American Honda asserts that Plaintiff fails to sufficiently state his FCRA claim against it. The Court disagrees.

Plaintiff alleges in his Complaint that "Honda is inaccurately reporting its tradeline on Plaintiff's Experian credit disclosure with an erroneous late payment

remark in April 2018." (Compl. ¶ 9, ECF No. 1-3 at Pg ID 14.) He also alleges that "Honda is inaccurately reporting its tradeline on Plaintiff's Trans Union credit disclosure with an erroneous status of 'Account 30 Days Past Due.' " (*Id.*) Plaintiff asserts that this information is incorrect, as he paid the account in full in April 2018. (*Id.*)

Plaintiff disputed these tradelines to the credit report agencies ("CRAs"). (*Id.* ¶ 13, Pg ID 15.) He attached a paid in full letter that he received from Honda when submitting his disputes. (*Id.* ¶¶ 14, 15, Pg ID 15-16.) Plaintiff further alleges that the CRAs forwarded his disputes to Honda. (*Id.* ¶ 17, Pg ID 17.) He claims that Honda negligently or willfully failed to conduct a proper investigation of his dispute and to review all relevant information available to it. (*Id.* ¶¶ 47, 48, 54, 55, Pg ID 22-23.) Plaintiff subsequently received reports from the CRAs reflecting that Honda failed or refused to correct the erroneous information. (*Id.* ¶¶ 18-20, Pg ID 17.)

These allegations establish that Plaintiff disputed American Honda's credit information to two CRAs, the credit information was false, the CRAs provided notice of the dispute to American Honda, and American Honda failed to fulfill one or more of its responsibilities under § 1681s-2(b) after receiving notice of the dispute. To satisfy Rule 8's pleading requirements, the Court does not believe that

Plaintiff needs to plead specific facts to show how American Honda failed to conduct a reasonable investigation.

**State of Michigan's Motion**

The State of Michigan seeks dismissal of Plaintiff's claims against it on the basis of Eleventh Amendment immunity. The Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Cons. amend. XI. There are three exceptions to Eleventh Amendment immunity: (1) "Congress may abrogate immunity by statute"; (2) the suit is one "against a state official seeking prospective injunctive relief to end a continuing violation of federal law"; and (3) the state has waived Eleventh Amendment protection. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

In its motion to dismiss, the State of Michigan argues that Congress did not abrogate the States' Eleventh Amendment immunity when passing the Fair Debt Collection Practices Act ("FDCPA"). (*See* Br. in Supp. of Mot. at 3-4, ECF No. 36 at Pg ID 322-23.) Plaintiff is not suing the State of Michigan under the FDCPA, however. Instead, Plaintiff's claims are brought pursuant to the FCRA. As Plaintiff establishes, Congress expressly waived the States' sovereign immunity when enacting the FCRA. *See* 15 U.S.C. § 1681a(b) (expressly applying the statute to any "government or governmental subdivision or agency, or other

entity"); *see also Smith v. Ohio State Univ.*, 191 F. Supp. 3d 750, 755 (S.D. Ohio 2016) (concluding that the FCRA applied to the defendant state university, an arm of the State).

## Conclusion

For the reasons stated, the Court concludes that Plaintiff alleges sufficient facts to state plausible FCRA claims against American Honda. Further, the State of Michigan is not immune from liability under the statute.

Accordingly,

**IT IS ORDERED** that American Honda's motion to dismiss (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the State of Michigan's motion to dismiss (ECF No. 36) is **DENIED**.

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: February 3, 2020